In re the Petition for DISCIPLINARY ACTION AGAINST Lewis S. BERNSTEIN, an Attorney at Law of the State of Minnesota.

No. C1–86–716.

Supreme Court of Minnesota.

May 20, 1993.

## ORDER

In an order dated May 7, 1987, this court indefinitely suspended Lewis S. Bernstein based on its findings that Bernstein had failed to properly maintain his trust account, attempted to defraud a client of $325 of the client's net settlement proceeds, lied to the client in an attempt to conceal the attempted misappropriation, fabricated a bank document for admission into evidence at the referee hearing in this matter, and committed perjury at the referee hearing. In that order, this court held that Bernstein could not petition for reinstatement for a period of 4 years. On April 17, 1992, Bernstein served and filed his petition for reinstatement in this matter. Thereafter, the Director of the Office of Lawyers Professional Responsibility commenced an investigation pursuant to Rule 18, Rules on Lawyers Professional Responsibility.

This matter came on for hearing before a Panel of the Lawyers Professional Responsibility Board on February 9, 1993. On April 22, 1993, the Panel issued its Findings of Fact, Conclusions of Law and Recommendations in this matter in which the Panel concluded, among other things, that Bernstein has provided clear and convincing evidence of his psychological and moral fitness to practice law. The Panel recommended that this court reinstate Bernstein and place him on supervised probation for a period of 4 years subject to certain specific limitations and conditions. The Director concurs with the Panel's recommendation.

In consideration of the Director's Report and Conclusions of Investigation, the Panel's Findings of Fact, Conclusions and Recommendation, and the filings and record herein, IT IS HEREBY ORDERED:

1. That the petition for reinstatement to the practice of law of Lewis S. Bernstein is granted.

2. That Bernstein hereby is placed on supervised probation for a period of 4 years, although this court will consider an earlier termination of the probation upon a favorable recommendation by Bernstein's probation supervisor and the Director of the Office of Lawyers Professional Responsibility.

3. That Bernstein's probation shall be subject to the following terms and conditions:

a. Bernstein shall not accept any clients until a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of his probation has signed a consent to supervise Bernstein's practice.

b. During the first 2 years of Bernstein's probation, if Bernstein engages in the private practice of law, except as an employee of one or more experienced practitioners, he shall limit his practice to real estate law.

c. Bernstein may accept representation of clients in fields of practice other than real estate law after he has completed 2

years of supervised probation, but only with the approval of the Director's Office and the probation supervisor, and only after demonstrating substantial education and legal skills in that field of practice. Evidence of such substantial education shall include the completion of continuing legal education courses in that practice area.

d. Bernstein shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Amended Opinion No. 9 of the Lawyers Professional Responsibility Board. By the tenth day of each month, Bernstein shall make all books and records pertaining to his office and trust accounts available to the probation supervisor, at which time, such books and records shall be in current condition as of the last day of the preceding month. Bernstein also shall make his books and records available to the Director's Office upon request.

e. Within 30 days of the date of this order, Bernstein shall provide the Director or the probation supervisor with a written plan outlining his office procedures.

f. By the tenth day of each month, Bernstein shall provide the probation supervisor with an inventory of active client files describing the type of representation, the most recent activity on the file, the next anticipated action and other relevant information requested by the probation supervisor which is necessary to monitor Bernstein's practice.

g. The probation supervisor initially shall meet with Bernstein at least once a month to review Bernstein's files and determine that Bernstein is maintaining office procedures and books and records in compliance with the above-referenced rules. The probation supervisor shall file written reports at least quarterly or at such more frequent intervals as the Director reasonably requests.

h. Bernstein shall cooperate fully with the Director's Office and the probation supervisor in their efforts to monitor Bernstein's compliance with this probation and shall respond promptly to correspondence from the Director's Office and/or the probation supervisor by the date requested. Bernstein shall cooperate with the Director's Office in the investigation of any allegations of unprofessional conduct against him which may come to the Director's attention and shall provide authorizations for the release of information and documentation needed to verify compliance with the terms of this probation.